Charles R. Toomajian III (SBN 302153)
    Email: charles.toomajian@zimmreed.com
ZIMMERMAN REED LLP
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

*Counsel for Plaintiff-Relator*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA *ex rel.* ANTHONY MILLS, M.D., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN SAMUEL and GOOD HEALTH, INC. d/b/a PREMIER PHARMACY SERVICES, <br><br> Defendants. | Case No. 2:20-cv-02538-MEMF-MAR <br><br> Judge: Hon. Maame Ewusi-Mensah Frimpong <br> Magistrate: Hon. Margo A. Rocconi <br><br> **STIPULATED PROTECTVE ORDER** |

1.    INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

This action is likely to involve sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party; and/or protected health information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, information implicating privacy rights of third parties, and information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

   2.1    Action:  *United States of America ex rel. Anthony Mills, M.D. v. Stephen Samuel and Good Health, Inc. dba Premier Pharmacy Services*, U.S.D.C., C.D. Cal., Case No. 2:20-cv-02538-MEMF-MAR.

   2.2    "ATTORNEYS' EYES ONLY" Information or Items: highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

   2.3    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

   2.4    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   2.5    Counsel:  Outside Counsel of Record (as well as their support staff).

   2.6    Covered Entity:  a "covered entity" as defined in 45 C.F.R. § 160.103.

   2.7    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   2.8    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10    "HIGHLY CONFIDENTIAL – PHI" Information or Items: information or items that contain protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), as well as any Disclosure or Discovery Material that would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and/or 45 C.F.R. Part 5b in the hands of CMS or a state or local agency.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for

protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party designate the Disclosure or Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI".

The Producing Party shall, if practical, designate "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" on every page of the Disclosure or Discovery Material in the same manner in which every page is Bates stamped.  If it is not practical to designate "CONFIDENTIAL,"

"ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" on the Disclosure or Discovery Material, then the Producing Party shall designate the Disclosure or Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" on the cover of or surface of any electronic media.  It is practical to designate "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" on every page of the Disclosure or Discovery Material if it is produced with a Bates stamp on every page.  It is not practical to designate "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" on every page of the Disclosure or Discovery Material if it is a spreadsheet or presentation file produced in native format (e.g., Microsoft Excel or PowerPoint).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must designate the material  "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI" as detailed above.

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PHI."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

<u>6</u>.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

<u>6.2</u>    <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Counsel of Record for the United States and State of California;

(c)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (e)    the Court and its personnel;

2    (f)    court reporters and their staff;

3    (g)    professional jury or trial consultants, mock jurors, and Professional

4    Vendors to whom disclosure is reasonably necessary for this Action and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (h)    the author or recipient of a document containing the information or a

7    custodian or other person who otherwise possessed or knew the information;

8    (i)    during their depositions, witnesses, and attorneys for witnesses, in the

9    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

10    requests that the witness sign the form attached as Exhibit A hereto; and (2) they

11    will not be permitted to keep any confidential information unless they sign the

12    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

13    agreed by the Designating Party or ordered by the court.  Pages of transcribed

14    deposition testimony or exhibits to depositions that reveal Protected Material may

15    be separately bound by the court reporter and may not be disclosed to anyone

16    except as permitted under this Stipulated Protective Order; and

17    (j)    any mediator or settlement officer, and their supporting personnel,

18    mutually agreed upon by any of the parties engaged in settlement discussions.

19    7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

20    Unless otherwise ordered by the court or permitted in writing by the Designating

21    Party, a Receiving Party may disclose any information or item designated

22    "ATTORNEYS' EYES ONLY" only to:

23    (a)    the Receiving Party's Outside Counsel of Record in this Action, as

24    well as employees of said Outside Counsel of Record to whom it is reasonably

25    necessary to disclose the information for this Action;

26    (b)    Counsel of Record for the United States and State of California;

27

28

STIPULATED PROTECTIVE ORDER

10

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – PHI" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – PHI" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Counsel of Record for the United States and State of California;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     TERMS SPECIFIC TO INFORMATION OR ITEMS DESIGNATED AS "HIGHLY CONFIDENTIAL – PHI"

In the event any party wishes to use "HIGHLY CONFIDENTIAL – PHI" Information or Items in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in court in this action, then such party shall file a request to seal documents with the Court.  The Parties will use their best efforts to minimize such requests.  Information or Items designated as "Highly Confidential – PHI" may not be disclosed or used by any party or any individual or entity designated in Section 7.4 for any purpose other than litigating the present Action.

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the HIPAA, the Parties' legal counsel in this case, the employees and agents of each party, and all non-party Covered Entities are expressly and specifically authorized to use or disclose PHI in accordance with this order to:

(a)     Respond to interrogatories, requests for admission, or requests for production of documents served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

(b)     Request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

(c)     Prepare briefs and other materials for the court so long as such materials are treated in accordance with this section of the Protective Order; and

(d)     Disclose PHI to a party's experts, consultants and their employees and agents, regardless of whether the expert is a consulting or testifying expert.

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties' legal counsel in this case and the employees and agents of each party and

each party's legal counsel in this case, the PHI that is responsive to deposition

questions or a valid subpoena *duces tecum*.

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA

compliance, any person or entity authorized or ordered as described above to use or

disclose PHI is expressly and specifically authorized to do so with, to, or before any

Professional Vendors designated by a party or a party's legal counsel in this case.

The protections and requirements of Sections 7 and 11 of this Protective Order

must be imposed on Professional Vendors as a condition of any Professional

Vendor's receipt of PHI.  Each party or the party's legal counsel is charged with

obtaining advance consent of such Professional Vendor to comply with this

Section.  Upon such consent, the Professional Vendor will be deemed to have

voluntarily submitted to this court's jurisdiction during the pendency of this case

for purposes of enforcement of this Section, including but not limited to the

imposition of such sanctions as may be appropriate for any non-compliance.

To the extent that the uses and disclosures of PHI authorized under this

Protective Order may be permitted under other provisions of the HIPAA Privacy

Rule, such uses and disclosures are made pursuant to and in accordance with 45

C.F.R. § 164.512(e).  This section does not apply to uses and disclosures of PHI

that are not authorized under this Protective Order.

All Information or Items designated as "Highly Confidential – PHI"

produced, transmitted, or otherwise received electronically must be maintained in a

reasonably secure manner and guarded against re-disclosure for the life of the

record.

Nothing in this Order is intended to prevent authorized government officials,

from having access to "Highly Confidential – PHI" documents to which they would

have access in the normal course of their official duties, to the extent such access is

permissible under applicable law.

9.    INFORMATION OR ITEMS DESIGNATED AS "CONFIDENTIAL,"
      "ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL – PHI"
      SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification will include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – PHI."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
      PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     13.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

     After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that, with respect to "HIGHLY CONFIDENTIAL – PHI" Disclosure or Discovery Materials, Counsel shall not disclose the portions of such materials containing information or items designated

"HIGHLY CONFIDENTIAL – PHI" to any person except under court order, pursuant to the consent of all individual(s) whose PHI is contained in the material, or as otherwise permitted in this Protective Order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  November 8, 2024

*/s/ Charles R. Toomajian III*                    */s/ Robert Salcido*

Charles R. Toomajian III (SBN 302153)      Robert Salcido (SBN 139138)
Email:Charles.Toomajian@zimmreed.com   Email: rsalcido@akingump.com
ZIMMERMAN REED LLP                           AKIN GUMP STRAUSS HAUER
1100 IDS Center                                      & FELD LLP
80 South 8th Street                                  4 Park Plaza #1900
Minneapolis, Minnesota 55402                 Irvine, California 92614
Tel: (612) 341-0400                                 Tel: (202) 887-4095
                                                             Emily Gerry (pro hac vice)
*Counsel for Plaintiff-Relator*                   Email: egerry@akingump.com
*Anthony Mills, M.D.*                              2001 K Street NW
                                                             Washington, DC 20006
                                                             Tel: (202) 887-4169

                                                             *Counsel for Defendants Good*
                                                             *Health, Inc. d/b/a Premier Pharmacy*
                                                             *Services and Stephen Samuel*

ATTESTATION OF FILER

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

                              */s/ Charles R. Toomajian III*
                              Charles R. Toomajian III (SBN 302153)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  November 26, 2024    _____

HON. MARGO A. ROCCONI
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *United States of America ex rel. Anthony Mills, M.D. v. Stephen Samuel and Good Health, Inc. d/b/a Premier Pharmacy Services*, U.S.D.C., C.D. Cal., Case No. 2:20-cv-02538-MEMF-MAR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER